HARRISON EAMES *vs.* BOSTON & WORCESTER RAILROAD CORPORATION.

A railroad company built a fence along the side of its railroad, and placed bars therein for the accommodation of the owner of the adjoining land. The bars being left down, his cow escaped through the same and went upon the railroad, and afterwards passed on to another adjoining lot, and then in some way not clearly shown found her way upon the railroad again, where she was run over and killed by the engine. *Held*, that the owner could not recover damages therefor without proof that the bars were down without his fault, or that after leaving the railroad the cow was able to come upon it again by reason of some fault of the company.

TORT to recover for the loss of a cow which was run over and killed by the defendants' engine. The following facts were agreed in the superior court:

The cow was put into the plaintiff's pasture, adjoining the Agricultural Branch Railroad, which connects with the Framingham Branch Railroad. Both of these roads were built since 1848, and were operated by the defendants.

" The cow escaped from said pasture through the bars in the fence, which was erected by the Agricultural Branch Road, between its track and the plaintiff's pasture, which bars were placed there for the accommodation of the plaintiff. It then went down the track of said road on to the track of the Framingham road, at the point of junction of the two roads. After

going a short distance down the Framingham road, it turned off again into the lot of one Mrs. Eames, through the bars of the railroad fence, which was erected for the accommodation of Mrs. Eames, and which were down at the time.

" There is no evidence that the fences or bars adjoining either road, where the cow first came on the road, or where it went off the road into Mrs. Eames's lot, were defective, or that the defendants or their agents are guilty of any negligence in relation thereto. The bars were, however, found to be down in both these places ; nor is there evidence that this was owing to the plaintiff's negligence, unless this can be implied from the mere fact that the bars were found to be down afterwards.

" The cow then passed along through this lot of Mrs. Eames, thence, in some way unknown, into a culvert or cattle-pass, built under the Framingham road ; thence through that culvert on to the track again, through a fence which was broken down and out of repair. This fence the defendants had erected and maintained, and the plaintiff contended that they were bound by law to maintain and keep it in repair. This fence was built within the location of said road, and at right angles thereto along the side of this culvert or cattle-pass, which went under the road. The fence on the Framingham road, between the track and the adjoining lot of Mrs. Eames, was out of repair in several places.

" The cow then passed a few feet along the track, and was killed by the locomotive of a passenger train. There was no negligence on the part of the engineer of the locomotive, the animal being in the curve of the road, where it could not be seen from the locomotive."

Upon these facts, judgment was rendered for the plaintiff; and the defendants appealed to this court.

*G. S. Hale,* for the defendants.

*I. S. Morse,* for the plaintiff.

CHAPMAN, J. In the agreed statement of facts, it is admitted that there was no negligence on the part of the engineer of the locomotive by which the plaintiff's cow was killed, she being on the railroad track, in a curve of the road, where he could not

see her in season to stop the train. It then becomes necessary to inquire by whose fault she was upon the track. In Redfield on Railw. 361, the rule is stated to be " that where the owner of the animals is unable to show that, as against the railway, they were properly upon the track, or, in other words, that it was through the fault of the company that they were enabled to come upon the road, the company are not, in general, liable, unless, after they discovered the animals, they might, by the exercise of proper care and prudence, have prevented the injury."

In *Waldron* v. *Portland, &c., Railroad,* 35 Maine, 422, it is held that in a case like this, the burden is on the plaintiff to prove that the bars were down without his negligence, and that without establishing this fact he cannot recover. This court has held that if cattle escape upon the track from the owner's lot through a defective fence, which the corporation are not bound to maintain, the owner cannot recover for any injury like this, because his own negligence has contributed to the injury. *Stearns* v. *Old Colony & Fall River Railroad,* 1 Allen, 493. But if they escape upon the track through a defective fence which the corporation were bound to maintain, he may recover without any proof of care on his part to prevent the escape. *Rogers* v. *Newburyport Railroad,* 1 Allen, 16. In this case the defendants were bound by Gen. Sts. *c.* 63, § 43, to maintain the fence " with convenient bars, gates or openings therein, at such places as may reasonably be required." They placed bars in the fence between their track and the plaintiff's lot, for his accommodation. The bars were left down, and the cow passed from the pasture through them upon the track.

As no one but the plaintiff had occasion to use the bars, the reasonable presumption must be that they remain at any given time in the same condition in which he left them. The duty of closing them after using them reasonably devolves upon him. The statute does not require the corporation to open and close them for him, nor to watch against his negligence. If the burden were not on him to prove that they were left open without his fault, he might recover, although he himself had taken them down and left them in that condition just before the cow

escaped, unless the defendants could prove the fact. We think the rule stated in the authorities above cited is reasonable and correct, and that the burden is on him to show that they were open without his fault.

But it further appears that, after the cow went upon the railroad for a short distance, she left it through open bars, and went upon Mrs. Eames's lot, and afterwards in some unknown way went into a culvert or cattle-pass which passed under the railroad, and from this culvert returned upon the track through a defective fence that stood on the land of the corporation, at right angles with the railroad, and on the side of the culvert. The plaintiff's counsel contends that these circumstances bring the case within the principles stated in *Browne* v. *Providence, &c., Railroad,* 12 Gray, 55, adopting the decisions of the courts in New York. But this case differs from that, not only in the fact that it does not appear that the cow escaped from the plaintiff's lot and went upon the track without his negligence; but in the further facts that it does not appear that any adjoining proprietor had any interest in the culvert, or any right to have the fence adjoining it maintained, and that case was governed by a statute of the state of Connecticut. It is not shown that the culvert and fence, being within the limits of the defendants' land, were not maintained for their own exclusive accommodation. And as it does not appear how the cow came to the culvert, the fact is not established that she was then or afterwards upon the track, by reason of any faul of the defendants. *Judgment for the defendants.*